**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GREGORY WALKER, 1661270,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-CV-314-O** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.      Procedural Background**

Petitioner challenges his conviction for theft over $100,000 but less than $200,000, enhanced. *State of Texas v. Gregory Walker*, No. F-0959033-R (265th Dist. Ct., Dallas County, Tex., July 30, 2010). The Court sentenced Petitioner to twenty-five years in prison.

On August 15, 2011, the Fifth District Court of Appeals affirmed the conviction and sentence. *Walker v. State*, No. 05-10-01019-CR (Tex. App. – Dallas Aug. 15, 2011, no pet.). Petitioner did not file a petition for discretionary review.

Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1

On November 10, 2011, Petitioner filed a state habeas petition.  *Ex parte Walker*, No.

41,853-03.  On October 31, 2012, the Court of Criminal Appeals denied the petition without

written order on the findings of the trial court.

On January 24, 2013, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

He argues:

1.      His guilty plea was involuntary because he was mentally incompetent; and

2.      He received ineffective assistance of counsel when counsel failed to request a

        competency hearing.

On April 15, 2013, Respondent filed his answer.  Petitioner did not file a reply.  The

Court now finds the petition should be denied.

## II.   Facts

The following factual background is take from the appellate decision.

Appellant testified at the punishment phase concerning the facts surrounding the
underlying theft case, basically laying the blame for the idea of the theft on a co-actor.
Appellant and others attempted to steal an ATM machine from the parking lot of a
shopping center by using a front-end loader.  He was caught by police nearby, and an
indictment followed.  Appellant testified that he would sometimes "hear voices" and that
he was told while in prison to go to MHMR for medical treatment.  When he was
released, he did not go for treatment.  He testified he was presently receiving medication,
namely Haldol, and other medications not relevant to this issue.

*Walker v. State*, No. 05-10-01019-CR at 2.

## III.  Discussion

## 1.   Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

## 2.     Guilty Plea

Petitioner argues his guilty plea was involuntary because he was incompetent at the time of his plea.  The Due Process Clause prohibits prosecution of a defendant who is not competent to stand trial.  *Washington v. Johnson*, 90 F.3d 945, 949-50 (5th Cir. 1996).  The test for determining competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see also, Godinez v. Moran*, 509 U.S. 389, 398-99 (1993).

Further, a trial court must conduct an inquiry into the defendant's mental capacity, *sua sponte*, if the evidence raises a bona fide doubt as to competency. *Carter v. Johnson*, 131 F.3d 452, 459 n. 10 (5th Cir. 1997). Because a state court's competency finding is presumed correct, a petitioner bears a heavy burden in contesting his competency during federal collateral review. *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994).

In this case, the state court found there was no bona fide doubt as to Petitioner's competency. *Walker v. State*, No. 05-10-01019-CR at 5. The court stated:

> The record shows that appellant testified clearly in his own behalf and he understood questions propounded to him by the attorneys and the trial court. Appellant appeared to be coherent and alert, and his responses were rational and clear. He admitted his wrongdoing, urged his guilty plea several times, and sought leniency from the court.

*Id*. at 5-6.

The Court finds the trial transcripts show that Petitioner coherently responded to all questions. Petitioner also testified coherently at sentencing. He stated he was trained to operate heavy machinery. (Trial Tr. Vol. 3 at 5.) He testified he used a front-end loader to steal the ATM. (*Id*. at 7-8.) He testified that he hears voices, but he was currently on medication that improved his condition. (*Id*. at 10.) He also asked the court to sentence him to less than twenty-five years in prison, stating he was fifty years old, and that if he was not in prison he could get a job as a heavy machinery operator and pay restitution. (*Id*. at 11, 15-16.) The Court finds the state's courts decision to deny relief on Petitioner's incompetency claim was not contrary to clearly established federal law and was not unreasonable.

Additionally, the Court finds Petitioner freely and voluntarily entered his guilty plea.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents.  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

In this case, the record shows Petitioner agreed he signed the judicial confession and he stated he understood the charges and the range of punishment.  (Trial Tr. Vol. 3 at 4.)  Petitioner further stated that he wanted to change his plea of not guilty, to a plea of guilty.  (*Id*. at 3.)  In the presence of the jury, Petitioner entered a plea of guilty.  Petitioner has failed to show he did not freely and voluntarily entered his guilty plea.

**3.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

<u>**Findings, Conclusions and Recommendation**</u>
<u>**of the United States Magistrate Judge -Page 5**</u>

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would

have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309,

312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different

outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*.

(quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel was ineffective because he failed to file a motion for a

competency hearing.  Petitioner states he informed his counsel that he heard voices, that he was

being treated for mental health issues and that he was taking medication.  On state habeas review,

Petitioner's counsel submitted an affidavit responding to Petitioner's claims. Counsel stated that

Petitioner:

> [N]ever exhibited anything which would indicate he was not competent or did not
> understand the nature of what was happening.  To my knowledge, he had never been
> found incompetent in any previous matters. . . . He seemed to be entirely competent.

*Ex parte Walker* at 89-90.

The record also shows no evidence that Petitioner was incompetent.  Petitioner testified at

sentencing that he earned a GED and was trained to operate heavy equipment.  *Id*. at 5-7.  He

stated he was offered $10,000 for his role in theft.  *Id*. at 7-8.  He also stated he was ashamed of

his actions in committing the theft.  *Id*. at 7.  He testified that he heard voices, but that his

medication improved the condition.  *Id*. at 10.  Petitioner asked for leniency in sentencing based

up his age, and his claim that if he was not in prison he could find work and make restitution

payments.  *Id*. at 11, 15-16.  Petitioner's testimony was clear and logical.  He has failed to show

his counsel was deficient or that he suffered the required *Strickland* prejudice.  Petitioner's claim

should be denied.

**4.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not

contrary to or does not involve an unreasonable application of clearly established federal law and

is not based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition

pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing

of the denial of a federal right.

Signed this 7th day of January,  2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).